IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALFRED R. LaPETER and<br>SHARON R. LaPETER, as Trustees<br>of the LaPeter 1985 Living Trust,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CANADA LIE INSURANCE<br>OF AMERICA,<br><br>　　　　　　Defendant. | Case No. CV-06-121-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it two motions for protective order filed by Plaintiffs (Docket Nos. 21 and 26). Plaintiffs informed the Court that Docket No. 21 is moot, but Docket No. 26 must be addressed by the Court because it relates to future discovery. Accordingly, the Court will deem moot Docket No. 21, but will address Docket No. 26 in this Memorandum Decision and Order.

## ANALYSIS

Plaintiffs seek a protective order preventing Defendant from inquiring into Plaintiff Alfred LaPeter's criminal record during future depositions. Plaintiffs contend that LaPeter's criminal convictions may have occurred in 1975 and 1981,

**Memorandum Decision and Order** - 1

and that they are not relevant to the events of this case, which took place over the past two years. Defendant contends that because this is a lender liability lawsuit, and because LaPeter's criminal convictions were related to previous real estate transactions, the convictions raise legitimate questions about LaPeter's character in connection with real estate transactions. Defendant argues that LaPeter's convictions may be introduced at trial for impeachment purposes.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). Evidence that a witness has been convicted of a crime may be admitted under many circumstances for impeachment purposes. See F.R.E. 609. Even where a conviction is over ten years old, such evidence is admissible if "the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." F.R.E. 609(b).

To make an argument for admitting evidence of LaPeter's past convictions, Defendant must obtain information about the specific facts surrounding the convictions. Thus, information about LaPeter's past convictions appears reasonably calculated to lead to the discovery of admissible evidence.

**Memorandum Decision and Order** - **2**

Accordingly, the Court will deny Plaintiffs' motion for protective order.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Protective Order (Docket No. 21) shall be, and the same is hereby, DEEMED MOOT.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Protective Order (Docket No. 26) shall be, and the same is hereby, DENIED.

DATED: **May 11, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge