IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALFRED R. LaPETER and SHARON R. LaPETER, as Trustees of the LaPeter 1985 Living Trust,<br><br>      Plaintiffs,<br><br>  v.<br><br>CANADA LIFE INSURANCE OF AMERICA,<br><br>      Defendant. | Case No. CV-06-121-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Canada Life Insurance Company of America's ("Canada Life") Motion for Attorney Fees and Costs (Docket No. 94), Plaintiffs' Motion to Strike Second Declaration of Robert A. Faucher (Docket No. 105), and Plaintiffs' Motion to Consolidate Cases (Docket No. 108).

## ANALYSIS

### I.   Motion for Attorney Fees and Costs

Idaho law governs the award of attorney fees in this matter because federal courts follow state law as to attorney fee awards in diversity actions. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir. 1978) (applying Idaho law).

**Memorandum Decision and Order - 1**

Pursuant to Idaho Code § 12-120(3), the prevailing party is entitled to an award of attorney fees when a commercial transaction is the gravamen of the lawsuit. *See Erickson v. Flynn*, 64 P.3d 959 (Idaho Ct. App. 2002).

"The determination of whether a litigant is the prevailing party is committed to the discretion of the trial court." *Sanders v. Lankford*, 1 P.3d 823, 826 (Idaho Ct. App. 2000); see also I.R.C.P. 54(d)(1)(B). In Idaho, governing legal standards on the prevailing party issue are provided by IRCP 54(d)(1)(B). "[T]here are three principal factors the trial court must consider when determining which party, if any, prevailed: (1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues." *Id.*

There is no dispute that this case involved a commercial transaction for purposes of Idaho Code § 12-120(3). Moreover, based on the Court's final Judgment in this matter, Canada Life is clearly the prevailing party. In litigation, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff. *See Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005). Canada Life avoided liability in this matter when the Court granted summary judgment in its favor on all of Plaintiffs' remaining claims.

**Memorandum Decision and Order** - 2

A.     **Amount of Attorney Fees and Costs**

Plaintiffs contend that Canada Life's requested attorney fees should be reduced because their hourly rates are too high and the time expended was excessive.

1.     **Hourly Rates**

The Court must determine a reasonable hourly rate by considering the experience, skill and reputation of the attorneys requesting fees.  See *Schwarz v. Secretary of Health and Human Services,* 73 F.3d 895, 906 (9th Cir. 1995).  "A district court should calculate this reasonable hourly rate according to the prevailing market rates in the relevant community, which typically is the community in which the district court sits." *Id.* (internal quotations and citations omitted).  The relevant community in this case is Boise, Idaho, where this Court sits.

Here, Plaintiffs specifically object to the rates charged by Newal Squyres and Bob Foucher, who charged $350.00 and $335.00/$355.00 respectively for their time.  This Court is intimately familiar with the hourly rates charged in the Boise market because the Court deals with motions for attorney fees on a constant basis.  Canada Life correctly points out that this Court recently awarded fees to a party

**Memorandum Decision and Order** - 3

based on typical hourly rates charged by Canada Life's attorneys at Holland & Hart.  Canada Life has also provided the Court with Mr. Faucher's declaration, which establishes the credentials and billing rates for the Holland & Hart professionals who worked on this matter. (See Faucher Declaration, pp. 2-3). It has also been this Court's experience that attorneys at regional firms, such as Holland & Hart, charge hourly rates at or near, but not above, the high end of acceptable rates for the Boise area.

  Based on the Court's knowledge of typical attorney rates in the Boise area, coupled with Mr. Faucher's affidavit, the Court finds that the rates charged by Canada Life's professionals are within the Boise community standard, with the exception of Mr. Faucher's rate.  Mr. Faucher's hourly rate is near, and even exceeds for some tasks, Mr. Squyres' hourly rate, even though Mr. Squyres has practiced for over 30 years, but Mr. Faucher has practiced for less than 20 years. (See Faucher Declaration, pp. 2-3).  Although Mr. Faucher indicates that he represents lending institutions throughout the country, he has not persuaded the Court that his rate should exceed that of his colleague who has practiced for over 30 years.  Accordingly, the Court will reduce Mr. Faucher's rate to $300.00 per

**Memorandum Decision and Order** - 4

hour.[1]

### 2. Number of Hours Charged

Plaintiffs also contend that the number of hours claimed by Canada Life are excessive. Plaintiffs essentially contend that Canada Life's attorneys spent too much time researching, drafting, editing and finalizing briefs, and too much time preparing for oral argument. Plaintiffs contend that any fee award should be reduced by at least 30 percent.

The Court recalls that the briefs were well organized and well researched, and that counsel's oral argument was persuasive. It has been the Court's experience that the more concise briefs, and more persuasive arguments, require the most preparation. The high quality of the work, coupled with the Court's decision to grant summary judgment in favor of Canada Life, and against Plaintiffs, reveals that the significant effort spent on the briefs and preparation for oral argument in this case was warranted. Additionally, the high quality work done at the front end of this case saved the parties the additional expense of trying this matter.

---

[1] Mr. Faucher's declaration lists the following attorneys, their experience level and billing rates: (1) Mr. Bithell – nearly 40 years – $405.00 per hour; (2) Mr. Squyers – over 30 years – $350.00 per hour; (3) Mr. Braley – 9 years – $235.00 per hour; (4) Mr. Goergen – 5 years – $185.00; (5) Mr. Fischenich – 3 years – $185.00; and (6) Ms. Davis – 2 years – $175.00. Considering the experience and billing rates of Mr. Faucher's colleagues, $300.00 per hour is the reasonable rate for Mr. Faucher in this matter.

**Memorandum Decision and Order** - 5

Moreover, Canada Life's attorneys sufficiently itemized their fees by describing the services performed. (Faucher Declaration, Ex. A). Accordingly, the Court does not find that the number of hours charged by Canada Life's attorneys were excessive.

### 3. Declaration Related to Mr. LaPeter's Conviction

Plaintiffs argue that Canada Life's attorney fees should be reduced as a sanction for Canada Life's filing of a declaration attaching documentation of Mr. LaPeter's felony convictions. Plaintiffs suggest that Canada Life introduced Mr. LaPeter's criminal convictions into the record as an attempt to intimidate Mr. LaPeter and blacken Mr. LaPeter's reputation in they eyes of the Court. Plaintiffs also ask the Court to strike that declaration.

Based on the record, it is clear that Plaintiffs, not Canada Life, introduced Mr. LaPeter's criminal history into this litigation. Plaintiffs first disclosed Mr. LaPeter's criminal record to the Court in Mr. LaPeter's affidavit filed in December 2006 in support of Plaintiffs' motion for a protective order. (See Docket nos. 21-22). Thus, it was not improper for Canada Life to address the issue or to file the records with the Court. Accordingly, there is no reason to sanction Canada Life. Likewise, there is no reason to strike Mr. Faucher's declaration.

### 4. Non-Taxable Costs

**Memorandum Decision and Order** - 6

Canada Life requests its non-taxable costs pursuant to IRCP 54(d)(1)(D). Plaintiffs do not dispute application of IRCP 54(d)(1)(D), but argue that Canada Life has not fulfilled the rule's requirement that the costs were necessary and exceptional. Rule 54(d)(1)(D) states that additional, non-taxable, costs "may be allowed upon a showing that said costs were necessary and exceptional costs reasonably incurred, and should in the interest of justice be assessed against the adverse party." IRCP 54(d)(1)(D). Discretionary costs may include costs related to long distance telephone calls, photocopying, faxes, travel expenses, and expert witnesses. *See* Hayden Lake Fire Protection Dist. v. Alcorn, 109 P.3d 161, 168 (Idaho 2005). The Court must make express findings as to why a party's discretionary costs should or should not be allowed. *Id.*; see also I.R.C.P. 54(d)(1)(D). The Court need not evaluate the requested costs item by item. Instead, "express findings as to the general character of requested costs and whether such costs are necessary, reasonable, exceptional, and in the interests of justice is sufficient to comply with this requirement." *Puckett v. Verska*, 158 P.3d 937, 945-946 (Idaho 2007).

Here, the Court finds that although Canada Life's discretionary costs were for the most part reasonable and necessary, they were not exceptional. The nature of this case, essentially a breach of contract case, was not exceptional. The Idaho

**Memorandum Decision and Order** - **7**

Supreme Court has consistently construed the requirement that costs be "exceptional" under IRCP 54(d)(1)(D) "to include those costs incurred because the nature of the case was itself exceptional." The Idaho Supreme Court has also stated that "[c]ertain cases, such as personal injury cases generally involve copy, travel and expert witness fees such that these costs are considered ordinary rather than "exceptional" under I.R.C.P. 54(d)(1)(D)." *Id.* (citing *Inama v. Brewer*, 973 P.2d 148, 155 (Idaho 1999). This case is more akin to the ordinary personal injury case. Canada Life's discretionary costs were "routine costs associated with modern litigation overhead" in commercial litigation. *City of McCall v. Seubert*, 130 P.3d 1118, 1126-27 (Idaho 2006). Accordingly, the Court will deny Canada Life's request for non-taxable costs.

        5.        **Idaho Code §§ 45-15-3 and 45-1512**

Idaho's anti-deficiency statute provides that in order to recover a deficiency from a grantor personally after foreclosure, the beneficiary must sue the grantor within three months after the trustee's sale. Additionally, the beneficiary can recover only the difference between the debt and the fair market value of the property at the date of sale or the sale amount, whichever is greater. I.C. § 45-1512. Idaho's single action statute provides that a beneficiary under a deed of trust cannot sue the grantor on the debt except under certain limited circumstances. I.C.

**Memorandum Decision and Order** - 8

§ 45-1503.  The statute's purpose is to compel a creditor who is secured by real property to recover from the grantor's pledged real estate before recovering from the grantor's other assets.  Plaintiffs contend that these statutes prevent Canada Life from recovering its attorney fees and costs.

Plaintiffs' argument is based on a contention that Canada Life, for all intents and purposes, is the beneficiary of the deed of trust that secures the ParkCenter Mall.  However, Canada Life is not the beneficiary of that deed of trust.  Through assignment, Canada Life Assurance Company is the beneficiary of the deed of trust.  (See Schwartz Aff., ¶ 7-10, Exs. 1-3, Docket No. 57).  Plaintiffs admit as much, but contend that because Canada Life and Canada Life Assurance Company are both subsidiaries of Great West Insurance, the Court should regard the two companies as the same entity.  Plaintiffs cite no case law or rules explaining why the Court should not treat the separate entities as separate entities.  Accordingly, the Court will not treat them as the same entity.

The anti-deficiency and single action statutes do not apply to parties, like Canada Life, who are not beneficiaries of a deed of trust securing indebtedness owed by the grantor.  Accordingly, the Court finds that the statutes do not preclude recovery of attorney fees and costs in this case.

### 6.     Total Fees and Costs

**Memorandum Decision and Order** - 9

Based on the above analysis, Canada Life is entitled to $437,742.50 in attorney fees. The Court reached this amount by reducing Mr. Faucher's hourly rate from $335.00/355.00 to $300.00 per hour, which reduced Mr. Faucher's bill by $51,498.50. The Court then subtracted that amount from the total amount outlined and claimed in Canada Life's fee bill ($491,310.00 - $51,498.50 = $439,811.50). The Court then subtracted an additional $2,069.00 based on Canada Life's concession that it mistakenly included $2,069.00 in fees for work pertaining to the receivership litigation (See Canada Life Reply Brief, p. 8, n. 18). The Court will not award any non-taxable costs.

## II.     Motion to Consolidate

Months ago, the Court suggested that, at least for purposes of appeal, the parties should consider whether it would be in the interest of judicial economy to consolidate this case with the other two related matters – Case Nos. 07-254 and 07-228. However, because Plaintiffs have already separately appealed all three cases, the Court finds no reason to consolidate them at this point. Based on the outcome of the appeals, the Court may revisit this issue. However, at this point, the Court will deny the Motion to Consolidate.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Canada Life's Motion

**Memorandum Decision and Order** - 10

for Attorney Fees and Costs (Docket No. 94) shall be, and the same is hereby, GRANTED IN PART and DENIED IN PART.  Plaintiffs shall pay Canada Life $437,742.50 in attorney fees.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike Second Declaration of Robert A. Faucher (Docket No. 105) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Consolidate Cases (Docket No. 108) shall be, and the same is hereby, DENIED.

DATED:  **December 4, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge