IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALFRED R. LaPETER and SHARON R. LaPETER, TRUSTEES OF THE LaPETER 1985 LIVING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>CANADA LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  CV06-121-S-BLW<br><br>Judge Dale A. Kimball |

This matter is before the court[1] on Canada Life Insurance Company of America's ("Canada Life") Application for Award of Appellate Attorney Fees.  Plaintiffs Alfred R. LaPeter and Sharon R. LaPeter ("Trustees") have filed an opposition to the application, and Canada Life has filed a reply memorandum.  In connection with its reply memorandum, Canada Life also filed an Objection to Admissibility of Emil Berg's Testimony.  Mr. Berg's testimony was submitted in an Affidavit filed in support of the Trustees' objections to Canada Life's application for attorney fees.  The court does not believe that a hearing would substantially aid in its determination of the pending motion or evidentiary objection.  Accordingly, the court enters the following Memorandum Decision and Order based on the materials submitted by the parties and the law and facts relevant to the pending application for attorney fees.

---

[1] The United States District Court for the District of Idaho has assigned this matter to Judge Dale A. Kimball, United States District Judge, District of Utah, while he is sitting by special designation in the District of Idaho.

## DISCUSSION

### Canada Life's Application for Award of Appellate Attorney Fees

Canada Life seeks attorney fees in the amount of $83,164.50 for its fees incurred in the Trustees' appeal to the Ninth Circuit. Canada Life prevailed before the Ninth Circuit, and the Ninth Circuit held that Canada Life was entitled to appellate attorney fees. The Ninth Circuit remanded the matter to this court for a determination of the amount of the fees. The Trustees do not contest Canada Life's entitlement to fees, only the reasonable amount of fees that should be awarded. The court will address each of the Trustees' objections in turn.

   1. *Denver Hourly Rates*

First, the Trustees object to the reasonableness of the average hourly rate of Canada Life's Denver appellate specialist, Marcy Glenn. Ms. Glenn is a partner in the Denver office of Canada Life's counsel, Holland & Hart. Her average hourly rate of $405.56 is a reasonable hourly rate for a Denver practitioner with her experience and specialty. The Trustees, however, contend that Ms. Glenn's rate should be limited to the prevailing market rate for an attorney with her years of experience in Boise, Idaho. Canada Life asserts that Ms. Glenn's hourly rate cannot be compared to attorneys in Boise, Idaho because she offers skills and experience in federal appellate litigation that are not available in the Idaho market.

The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Welch v. Metro. Life Ins Co.*, 480 F.3d 942, 946 (9th Cir. 2007). "[N]ormally the relevant legal community for determining the prevailing market rates for attorneys' fees is the community in which the forum is situated." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1993).

In cases involving a statutory right to attorney fees brought under 42 U.S.C. § 1988 and the Equal Access to Justice Act, courts have recognized exceptions to the prevailing market rate rule when counsel from another market are necessary to the litigation.  For example, in a §1988 case, the Ninth Circuit has found that "rates outside the forum may be used 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" *Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) (quoting *Gates*, 987 F.2d at 1405).

This case involves a commercial dispute in which attorney fees were awarded pursuant to Idaho Code § 12-120(3).  For purposes of awarding fees for the district court litigation in this case, Judge Winmill found that the relevant community was Boise, Idaho.  The attorney fees award in connection with the appeal to the Ninth Circuit, however, presents additional considerations.  It is clear that Canada Life's main attorney, Robert Faucher, had the experience and expertise to handle the main substantive issues involved in the appeal.  Canada Life's fee application demonstrates that Robert Faucher was the main appellate attorney.  Mr. Faucher, who had been involved in the case at the district court level, continued to perform most of the work on the appeal.  However, he and his client chose to also obtain the appellate expertise of Mr. Faucher's partner Ms. Glenn, who is based in Denver.  The hours Ms. Glenn billed on this matter demonstrate that her services were limited and appear to be reasonably tailored to her appellate expertise.  The question, however, with respect to allowing her Denver-based hourly rate, is whether her expertise was unavailable in Boise.

Ms. Glenn's affidavit refers to her experience in at least 100 appeals, including 50 appeals in the United States Courts of Appeal.  The court does not question that she has extensive experience and was useful to the preparation of Canada Life's appellate brief.

However, neither her affidavit nor Mr. Faucher's affidavit state that there were no Boise attorneys with the necessary expertise.  The court must surmise that there were no attorneys in Holland & Hart's Boise office with similar expertise or such attorneys would have been used.  But while there may not have been an attorney in Holland & Hart's Boise office, there is no evidence that it was more reasonable to use an attorney in Holland & Hart's Denver office than contracting with another Boise attorney with substantial federal appellate experience.  Given that all federal cases from Boise are appealed to the Ninth Circuit, it is unreasonable for the court to assume that no attorney in Boise has experience comparable to Ms. Glenn's.  Canada Life has not demonstrated how Ms. Glenn, who is based in the Tenth Circuit, would have more experience with the Ninth Circuit than appellate attorneys in Boise.  The court, therefore, concludes that Canada Life has not provided adequate evidence that the use of an attorney from outside the relevant community was necessary for purposes of charging another community's higher hourly rates.

In support of the use of Ms. Glenn's Denver-based hourly rate, Canada Life further asserts that the District of Idaho has previously approved a similar rate for Holland & Hart's partner Walter Bithell.  Canada Life asserts that there is no reason for the court to disapprove the same rate for Ms. Glenn merely because she has not practised for as long as Mr. Bithell.  The court, however, cannot conclude that Ms. Glenn is entitled to a comparable hourly rate to Mr. Bithell.  Mr. Bithell and Ms. Glenn are both highly skilled in their respective areas of expertise, but Mr. Bithell's years of experience and prominence in his field should and do, in fact, create a disparity in the two attorneys' hourly rates.

The court concludes that Ms. Glen's hourly rate must be reduced to the prevailing rates of Boise, Idaho.  Canada Life states that if the court reduces Ms. Glenn's rate, it should reduce it to

4

$325 per hour. Based on seniority, Ms. Glenn is exactly half-way between Mr. Squyres, who has a court-approved hourly rate of $350 and Mr. Faucher, who has a court-approved hourly rate of $300. The court believes that an hourly rate of $325 is appropriate for the Boise market given Ms. Glenn's years of experience and level of expertise.

The Trustees also challenge the Denver-based hourly rate for Ms. Glenn's associate, Ms. Keeya Jeffrey. At the time the work was completed, Ms. Jeffrey was a first-year associate in Holland & Hart's Denver office. Her hourly rate of $205, however, is the same as a sixth-year Boise associate. Given that she was a first-year associate, her level of expertise was not extensive even if she had performed exclusively appellate work. There is no evidence that Ms. Glenn could not have used an associate in the Boise office. Regional firms are well-equipped to allow a partner in one office to work with an associate in another office. Canada Life, therefore, has not met its burden of demonstrating the necessity of using an associate based in Denver. The court, therefore, sets Ms. Jeffrey's rate at $185 per hour.

   *2. Boise Associate and Paralegal Rates*

The Trustees also challenge the hourly rate of $205 for Mr. Brad Goergen, a Boise Holland & Hart associate admitted to practice in 2002, and the average hourly rate of $137.19 for Ms. Carolyn R. Montgomery, a Boise Holland & Hart paralegal. In the district court's previous order awarding attorney fees, the court approved the hourly rates of $185 for Mr. Goergen and $125 for Ms. Montgomery.

The Trustees' objection to the increased rates does not take into consideration that the work on appeal was performed one to two years after the trial work. It is typical for rates to increase on a yearly basis and, also, for associates' and paralegals' rates to increase as they gain more experience. The court does not find a rate of $205 per hour to be unreasonable for a sixth

5

year associate. The court finds that Ms. Montgomery's rate is similarly near the top end of acceptable rates, but still reasonable. The rates are both within the prevailing market range. The court, accordingly, approves of Canada Life's requested rates for these timekeepers.

   *3. Preparation for Oral Argument*

The Trustees further assert that Canada Life should not be awarded attorney fees for the time Mr. Faucher spent preparing for oral argument during February and June, 2008. On March 17, 2008, Mr. Faucher billed 2.4 hours for reviewing an order entered in the appeal, reviewing the appellant's brief, and commencing to draft an oral argument outline. On June 25, 2008, Mr. Faucher billed 1.0 hour for reviewing appellate briefing, considering themes for oral argument, and reviewing potential calendaring of oral argument.

The Trustees contend that Mr. Faucher's expenditures of time were unreasonable because they were eight and five months in advance of when counsel received notice from the Ninth Circuit regarding oral argument. The Trustees further assert that it is unusual to be given oral argument in a civil appeal to the Ninth Circuit.

While the Trustees challenge Mr. Faucher's use of time outlining or considering themes, his time entries included other clearly billable work. The court agrees with Canada Life that "it was presumably more efficient for Mr. Faucher to note issues for oral argument when they occurred to him while reviewing the appellate briefing than having to reinvent the wheel six months later." The court is not in a position to micro-manage the work style of individual attorneys to such an extent as to find this type of work unreasonable. In addition, the Trustees assertion that oral argument is rarely granted is not supported by the fact that this case was originally scheduled for argument. Mr. Faucher did not spend an unreasonable amount of time on oral argument issues prior to being informed that argument was scheduled. The court finds

that the amount of time was commensurate with the possibility of argument being scheduled. Moreover, Mr. Faucher's time entries were not excessive even if they only included the clearly billable portions of the work identified in his time entry. The court, therefore, finds no basis for striking Mr. Faucher's time entries relating to preparations for oral argument.

      4. *Extension of Time*

Next, the Trustees assert that Canada Life should not be awarded attorney fees for the .4 hours of time its counsel spent obtaining an extension of time to file the Appellee's brief. The Trustees argue that they should not be required to pay for time spent obtaining a second extension of time that was for the convenience of Canada Life's counsel. Canada Life contends that it is common practice for attorneys to obtain extensions, the time spent was reasonably small, and other work was also identified in the billing entries.

The court agrees that the amount of time is relatively small and that such extensions are typical. The court, however, will deduct half of the time related to these entries in light of the fact that it was related to a second extension of time and only for the convenience of Canada Life's counsel.

      5. *Excessive Hours*

The Trustees further claim that the hours expended by Mr. Newell Squyres and Denver counsel are excessive in the context of this appeal because of Mr. Faucher's familiarity with the legal issues and record. While the Trustees acknowledge that it was not unreasonable for Mr. Faucher to seek comments or other input from his senior partner and an appellate specialist, they argue that the actual hours expended by these attorneys should be cut in half.

The Trustees, however, make this argument only generally. The Trustees do not point to specific time entries for Mr. Squyres or Ms. Glenn that would specifically show excessive hours

7

being billed for unnecessary work.  The court routinely reviews motions for attorney fees that include objections regarding the amount of time expended by opposing counsel.  When such attacks are so generally formulated, the court must remind the objecting party that the party entitled to attorney fees obtained a successful result based on the work expended.  Such is the case with this motion.  In reviewing the time entries for the timekeepers in question, the court cannot find any that appear to be excessive.  The court concludes, therefore, that the time expended by these timekeepers was reasonably necessary to obtain the successful results they achieved for their client.

### 6. *Cancellation of Oral Argument*

The Trustees also object to two of Ms. Glenn's time entries regarding the Ninth Circuit's cancellation of oral argument.  On November 17, 2008, Ms. Glenn billed .6 of an hour for an "email and telephone call from RAFaucher regarding Ninth Circuit order cancelling argument in lender liability appeal."  Three days later, on November 20, 2008, Ms. Glenn billed .1 of an hour for reviewing correspondence from opposing counsel and a telephone conference with Mr. Faucher regarding a mock argument.  And, then on November 21, 2008, Ms. Glenn billed .1 of an hour for reviewing an email from Mr. Faucher regarding the cancellation of oral argument and the Ninth Circuit notice regarding such cancellation.

The Trustees argue that Ms. Glenn's time entries on November 20 and 21, 2008, are unreasonable because her November 17, 2008 time entry demonstrates that she was already aware that the oral argument had been canceled.  The court, however, finds no basis for striking these time entries.  Just because she was aware that the argument was cancelled did not put an end to any work associated with the cancellation of the argument.  Ms. Glenn's time entries reflect reasonable follow up work after the receipt of the Ninth Circuit's notice.

*7. Misrepresentations in Appellate Briefs*

The Trustees take issue with Canada Life's characterization of the representations made in the Trustee's appellate brief in order to support its claim for attorney fees. The Trustees admit that there were inadvertent errors in their appellate brief, but claim that there were also numerous misstatements made by Canada Life. After reviewing the appellate briefing submitted by the parties, the court finds the assertions regarding misrepresentations mostly irrelevant to a determination of the attorney fees award. The case involved a complex commercial dispute and the work incurred on the appeal appears to have been reasonably necessary. A determination of specific misrepresentations and whether such misrepresentations were intended or inadvertent is unnecessary.

*8. Quality of Appellee's Brief*

The Trustees further contend that the record does not support Canada Life's claim that its appellee brief was beneficial to the Trustees or unusually helpful to the appellate court. Again, the court does not believe that a specific finding regarding the quality of Canada Life's brief is necessary for purposes of awarding attorney fees. This court's independent review of the briefing demonstrates that it was a quality work product. Whether the quality of work influenced the Ninth Circuit's decision to cancel oral argument is unknown. It is uncontroverted, however, that Ninth Circuit found that the briefing in the case was sufficient enough to cancel oral argument, the Ninth Circuit ruled in Canada Life's favor, and it determined that Canada Life was entitled to an award of attorney fees. With respect to the amount of attorney fees incurred during the appeal, both parties were benefitted by the cancellation of oral argument. This fact remains regardless of whether the cancellation of oral argument resulted from the quality of Canada Life's brief or some other reason.

*9. Reconsideration of Hourly Rates*

Finally, the Trustees ask this court to reconsider the hourly rates allowed for Holland & Hart's Boise timekeepers. The Trustees argue that this court should reconsider the use of the *United States ex rel Suter v. National Rehab Partners, Inc.*, 2007 WL 2790397 (D. Idaho Spet. 24, 2007) case, reject the notion that regional law firms are entitled to an enhanced hourly rate, and apply the rates advocated in the Trustees' earlier filings in this case.

The court's previous ruling in this case did not find that regional law firms were entitled to an enhanced hourly rate. The ruling recognized that many attorneys at regional law firms have rates that are at the top end of reasonable prevailing market rates. The *Suter* decision supports such a finding. The court finds no basis for reconsidering its prior decisions with respect to hourly rates.

*10. Appropriate Award*

Based on the above reasoning, the court concludes that Canada Life has demonstrated that the reasonable amount of attorney fees it incurred on appeal was $79,251.50. This amount reflects the following reductions: (1) an hourly rate of $325 for Ms. Glenn; (2) an hourly rate of $185 for Ms. Jeffrey: and (3) a reduction of .2 of an hour of Ms. Glenn's time in connection with a second extension of time to file appellee's brief. Accordingly, the court awards Canada Life $79,251.50 in attorney fees in connection with its successful defense of the Trustees' appeal to the Ninth Circuit.

### Canada Life's Objection to Admissibility of Emil Berg's Testimony

Canada Life objects to certain testimony submitted by Mr. Berg on the grounds that it is hearsay and requests that the court not consider such testimony in ruling upon Canada Life's application for attorney fees. Mr. Berg's testimony consists of information on appellate practice

in the Ninth Circuit that he obtained by attending a half-day continuing legal education program. Mr. Berg states in his affidavit that he learned the following information at the program: only one-third of the appeals that the Ninth Circuit decides on the merits receive oral argument, civil appeals are less likely to be granted oral argument than most other types of appeals, and counsel is usually notified of whether oral argument will occur five weeks prior to the argument date.

Even considering this information, the court does not consider the work performed by Mr. Faucher prior to notice regarding oral argument to be unreasonable. In the event that oral argument had occurred, the small amount of time invested up front would have been beneficial. Because there is no guarantee whether a civil appeal will be heard, small expenditures of time, such as Mr. Faucher's are reasonable. While Mr. Berg's testimony is hearsay, the court finds Canada Life's objection to be moot given the court's determination of the issue.

## CONCLUSION

Based on the above reasoning, the court awards Canada Life $79,251.50 in attorney fees in connection with its successful defense of the Trustees' appeal to the Ninth Circuit.

DATED this 11th day of May, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

11